HARRY BERKE, Defendant-Appellant, v. RELIANCE
INSURANCE COMPANY, Plaintiff-Appellee.
—459 S.W.2d 172.

Eastern Section. October 17, 1969.

Certiorari Denied by Supreme Court February 16, 1970.

Berke & Berke, Chattanooga, for defendant-appellant.

Milligan, Hooper & Harris, Chattanooga, for plaintiff-appellee.

CARNEY, P.J (W.S.). The defendant below, Harry Berke, an attorney of Chattanooga, Tennessee, has appealed from a judgment of the Circuit Court of Chattanooga, Tennessee, sitting without a jury, in favor of the plaintiff below, Reliance Insurance Company, for $720.39.

The defendant below, Harry Berke, as attorney for Bobby Leazer, collected a judgment of $120,000 together with $9,746.86 interest thereon against the Chattanooga Electric Power Board. Leazer had been employed by the Michael Construction Company and on April 8, 1965, received severe and serious injuries caused by the negligence of employees of the Power Board.

The plaintiff, Reliance Insurance Company, was the workmen's compensation insurance carrier for Michael Construction Company. The attorneys for the insurance carrier investigated the accident immediately after its occurrence, obtained professional photographs and statements of witnesses. The Reliance Insurance Company acknowledged liability to Bobby Leazer for workmen's compensation benefits and began paying these benefits to Leazer without suit having been filed.

Thereafter, Leazer, through his attorney, Harry Berke, filed a lawsuit for damages for negligence against the Electric Power Board.

Before the suit was filed, Mr. Harry Berke, attorney for Leazer, and attorneys for the plaintiff, Reliance Insurance Company, for purposes of strategy, had a written agreement that Reliance Insurance Company would not file an intervening petition for subrogation in the damage suit in order to protect Reliance's workmen's compensation subrogation interest under T.C.A. Section 50-914 but that Mr. Berke, in consideration of the assistance rendered by attorneys for Reliance in the investigation and trial of the lawsuit for common law negligence, would not make any charge for attorneys' fees out of the workmen's compensation subrogation recovery and would pay over

to Reliance the whole amount of the workmen's compensation subrogation claim without a fee.

After the judgment was collected, defendant Berke wrote the following letter to attorneys for the plaintiff, Reliance Insurance Company:

"Dec. 12, 1967

Mr. Tom Harris,
Milligan, Hooper & Harris, Attys.,
Hamilton Bank Bldg.,
Chattanooga, Tennessee 37402

"Re: Subrogation—Bobby Leazer
Vs. Electric Power Board

Dear Mr. Harris:

Enclosed herewith please find check in the sum of $10,947.50, for the subrogation claim, and I have withheld an additional $720.39 for possible interest charges.

I could not get Mr. Leazer to agree to turn the interest over to you, and he has requested that I give him a legal opinion as to his liability for interest. I was unable to give him an immediate opinion, and he does not wish to pay the interest, or even one-half of the interest until there has been some Court adjudication, or until I can advise him that he is liable for the interest.

The only authority I presently have is to pay the sum of $200.00 by way of settlement of interest.

This office is holding the $720.39, subject to a legal determination or settlement of the interest question.

I want to personally thank you for your kind cooperation in this matter, and I am glad that the matter was concluded favorably to Mr. Leazer and your Insurance Company.

Yours very truly,

BERKE & BERKE
/s/ Harry Berke
Harry Berke

HB:GA
Enc. (1)"

Reliance insisted that it was also entitled to the $720.39 interest on the subrogation claim collected by Mr. Berke and held by him pending a legal determination of the right of the plaintiff, Reliance Insurance Company, to collect interest on its subrogation claim. The Trial Judge held adversely to the claim of Mr. Berke, in favor of Reliance Insurance Company, and allowed a recovery of the interest to Reliance.

 Harry Berke has filed three assignments of error: Assignment of error No. I insists that His Honor the Trial Judge was in error in rendering judgment against the defendant Berke because Berke was not a proper party to be sued. The employee Leazer was, of course, a proper party to the suit by Reliance to recover the $720.39 interest but by no means do we think he was an indispensable party. Mr. Berke had physical possession of the $720.39 and by his letter, in effect, urged Reliance Insurance Company to sue him to determine whether Berke must pay the interest withheld by him. When Reliance sued Berke for the recovery of the specific funds held in his hands as stake holder, Berke had an election

to stand suit as stake holder and as attorney for Leazer or he could have, at his election, filed a bill of interpleader and paid the money into court and relieved himself of any further liability therefor. Gibson's Suits in Chancery, 5th Edition, Section 1164, page 522, Vol. 2.

He elected to stand trial. We hold that he was a proper party to the suit and subject to the judgment entered by the Trial Judge. Assignment of error No. I is respectfully overruled.

■ Assignment of error No. II is that the plaintiff is not entitled to maintain an action solely and alone for interest after it had received and accepted the principal in full. Appellant cites and relies upon our Tennessee case of State ex rel. McConnell v. Park Bank & Trust Co., 151 Tenn. 195, 268 S.W. 638. In that case the general rule is quoted as follows:

"The general rule, which the stockholders invoke, is thus stated in 17 Corpus Juris, 814, to wit:

'Where interest is recoverable as damages, it does not constitute a distinct claim and can only be recovered with the principal by action. So when payment of the principal as such is made and accepted, no interest can be recovered, the payment of the debt extinguishing the right to recover interest thereon.' "

We have no quarrel with State ex rel. v. Bank & Trust Co. but hold that it is not controlling here. Mr. Berke's letter of December 12, 1967, copied above, did not proffer the check for $10,947.50 as a settlement of a disputed claim. On the contrary, the letter was clearly to be understood by Reliance only as making payment of the amount admitted to be due and owing and an implied promise to pay the additional $720.39 if and when a court of com-

petent jurisdiction should adjudicate plaintiff entitled to collect the interest withheld by Berke. We find no merit in assignment of error No. II and the same is respectfully overruled.

Assignment of error No. III is that as a matter of law interest runs from the date when a debt or demand is payable and workmen's compensation subrogation benefits were not payable until the employee received the same by way of judgment, settlement or otherwise. That portion of T.C.A. Section 50-914 relating to the subrogation of the employer and his insurance company to the claims of the injured employee against a third party is as follows:

"In event of such recovery against such third person by the workman, or by those to whom his right of action survives, by judgment, settlement, or otherwise, and the employer's maximum liability for workmen's compensation under chapters 9 through 12 of this title has been fully or partially paid and discharged, the employer shall have a subrogation lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Provided, further, that in event said net recovery by the workman, or by those to whom his right of action survives, exceeds the amount paid by the employer, and the employer has not, at said time, paid and discharged his full maximum liability for workmen's compensation under chapters 9 through 12 of this title, the employer shall be entitled to a credit on his future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer. Provided further, however, that in event the workman, or those to whom his right of action survives, effects a recovery,

and collection thereof, from such other person, by judgment, settlement, or otherwise, without intervention by the employer, the employer shall, nevertheless, be entitled to a credit on his future liability for workmen's compensation, as it accrues under chapters 9 through 12 of this title, to the extent of said net recovery. * * *''

It is the contention of Mr. Berke that the workmen's compensation carrier had not made a loan, advance or a contract for the payment of the funds and that the subrogation claim was not payable until it was finally collected from the third party who was liable in the common law action for damages and that, therefore, interest would not attach as a matter of law except from the time when the subrogation claim became payable, citing T.C.A. Section 47-14-108.

Also the appellant cites and relies upon the general rule stated in 30 Am.Jur., Sec. 40, Interest, which provides as follows:

''A. Time From and To Which Interest is Computed.

Sec. 40. Generally.—As a general rule, in the absence of contract to the contrary, interest on money runs from the time when the money becomes due and payable. In many cases money does not become due and payable, and is not considered in default and interest does not begin to run, until a demand therefor has been made, particularly where there is no wrong in acquiring or detaining the money, as in the case of demand instruments containing no provision for interest, and in the case of money received through mistake. * *''

The case of United States Fidelity & Guaranty Co. v. Elam, 198 Tenn. 194, 278 S.W.2d 693, is also cited by appellant in support of his contention. This case seems to be authority for Reliance. In the Elam case the employee, Baker, was seriously injured on November 30, 1950. The U. S. F. & G. Co. began paying him compensation payments under its insurance policy which also provided for additional medical expenses by a rider or endorsement thereon. This rider provided for subrogation in favor of the U. S. F. & G. Company. On April 25, 1951, the employee, Baker, filed suit for damages against Elam, Stevens, et al, as joint tort feasors. On November 10, 1951, U. S. F. & G. filed an intervening petition seeking recovery from all the defendants and from the employee, Baker, of compensation paid to Baker up to the time of the hearing and for all sums paid by it for medical and hospital services furnished. On the same day that the petition by U. S. F. & G. for subrogation was filed, Baker and the other parties, exclusive of U. S. F. & G., entered into a settlement of the damage suit which was submitted to the court upon a stipulation of facts. The tort feasors agreed to indemnify the employee, Baker, for all sums which he might be held to owe to U. S. F. & G. for reimbursement of hospital and medical expenses furnished.

On November 10, 1951, the date of the filing of the petition, U. S. F. & G. had paid out $6,296.64 in medical benefits and $1,100 in workmen's compensation benefits. The Trial Court held that U. S. F. & G. as intervenor was subrogated only to recover compensation paid in the amount of $1,225 and $800 medical and hospital expenses paid under the compensation act. There was an appeal to the Supreme Court during which time the defendant,

U. S. F. & G., paid additional sum of $2,888.76 between November 10, 1951, and November 18, 1953. The Tennessee Supreme Court held that U. S. F. & G. was entitled to recover by way of subrogation the total amount of $10,285.40. As to interest, the Court held that the settlement of date November 10, 1951, stood in lieu of a judgment which on that date should have been rendered for the U. S. F. & G. Company and accordingly, the Supreme Court allowed U. S. F. & G. interest from November 10, 1951, upon the sum of $7,396.64 which had been paid out by U. S. F. & G. to the date of the settlement. Interest was allowed on the remaining $2,888.76 only from November 8, 1953, which was the only specific date shown for the payments made by the insurance company after November 10, 1951.

█ We hold that if Reliance Insurance Company had filed its petition for subrogation in the case of Leazer v. Chattanooga Electric Power Board, it would have been entitled to judgment of subrogation at the same time the judgment of $120,000 was rendered in favor of the plaintiff, Leazer. Such judgment would have borne interest from the same date and when ultimately affirmed by the Supreme Court, Reliance Insurance Company would have been entitled to interest in the amount of $720.39. For purposes of strategy and accommodation, it was agreed between Berke as attorney for Leazer and the Reliance Insurance Company that it would not be necessary for Reliance to file an intervening petition but that Berke would protect the rights of Reliance and hold a portion of the judgment recovered for the benefit of Reliance Insurance Company. Under these circumstances we have no hesitancy in holding that Berke is liable to Reliance Insurance Company for the $720.39 now in his hands.

All of the assignments of error are overruled. The judgment of the lower Court is affirmed. Reliance did not ask for any interest on the $720.39 and we make no award of the same. The costs in the Court below and in this Court are taxed to the appellant, Harry Berke.

Matherne and Taylor, JJ., concur.